OPINION OF THE COURT
Anne G. Feldman, J.
Defendant’s motion to dismiss the instant indictment is granted. The evidence before the Grand Jury is legally sufficient to sustain the indictment; however, prejudicial procedural error in the presentation requires its dismissal. The Assistant District Attorney’s refusal to answer certain questions put to him by jurors impaired the integrity of the proceedings, creating a substantial likelihood that defendant was prejudiced.
The charges contained in this indictment stem from two shootings which occurred at the same location within several hours of one another. In the first incident, a man fired gunshots into a crowd injuring two persons, one very seriously; in the second incident, shots were fired directly at a cousin of one of the victims in the first shooting by a man who emerged from a car. The testimony reveals that these incidents apparently arose out of a rivalry between several neighborhood gangs.
In total, seven witnesses appeared before the Grand Jury — six eyewitnesses and the police officer who effectuated the arrest of the defendant, John Montalvo.
Two witnesses, victims of the shootings, testified their assailant was a man known to them as John Montalvo; other eyewitnesses who knew Montalvo testified that the *472 assailant was not he. One witness to the first shooting identified the perpetrator as Angel Rivera; an off-duty police officer — a “gang intelligence officer” who knew both Montalvo and Rivera and who “caught a profile” of the perpetrator in the second incident — testified that he did not think it was Montalvo, and “could have been Rivera.” He further testified that the profile, size and facial hair of the individual whom he saw matched Rivera more than Montalvo; that the two were members of rival gangs; and that the group at whom the shots were fired were members of a third gang.
Throughout the presentation before the Grand Jury, there were questions by jurors pertaining to witnesses’ opportunity to observe the events, the relationship between the several gangs and the significance of Montalvo’s “turning himself in” to the police.
After the Assistant District Attorney charged the Grand Jury, a juror asked whether a failure to indict Montalvo at that time precluded the District Attorney from bringing charges against him or someone else at a future date. The Assistant District Attorney declined to respond, stating that it was an irrelevant question. Another juror then asked to hear testimony from the third person who had been shot during these incidents. When the Assistant District Attorney explained that this individual was unavailable, that juror (or another) persisted, requesting instead a sworn statement from that victim as to the identity of the perpetrator. Once again the Assistant District Attorney declared that witness’ unavailability, and instructed the Grand Jury to consider only the evidence before it. At that point the Assistant District Attorney left the Grand Jury room, and the instant indictment was returned.
It is this court’s view that the grand juror’s question pertaining to a future indictment was indeed relevant, and that in the context of the facts described herein the Assistant District Attorney’s failure to respond adequately mandates dismissal of the indictment. This court is mindful that the standards governing Grand Jury proceedings are less stringent than those applicable at a jury trial; indeed, this reflects the difference in each jury’s respective *473 function. The question, however, is not merely whether the quantity of evidence before the Grand Jury was legally sufficient to sustain the charges. A court sitting in review of Grand Jury proceedings must be satisfied that the proceedings as a whole were conducted in a fair and impartial manner, protecting the rights of both society and any target of the Grand Jury’s investigation. The Grand Jury historically has acted as a buffer between the State and its citizens, and the courts have an obligation to maintain the integrity of this function (see People v Calbud, Inc., 49 NY2d 389).
It is within this context that the significance of the juror’s question and of the Assistant District Attorney’s refusal to answer it must be evaluated.
Fairness dictates that the Grand Jury be informed by its legal adviser, particularly when jurors have inquired, that its refusal to indict on any one occasion will not necessarily preclude reconsideration of the same matter at a later date.* Simply put, a jury must not be allowed to conclude that indictment of a specific individual is a “now or never” proposition. In the case at bar, there was substantial conflict in eyewitness testimony; indeed, juror’s questions appear to reflect their concern as to the accuracy of the identification. The Assistant District Attorney’s failure to adequately advise the jurors — that if they declined to indict Montalvo at that time, another panel could reconsider the matter in the future — could well have misled the jury, and had the effect of forcing an indictment against this defendant.
Such an occurrence is unacceptable. Accordingly, the indictment is dismissed, with leave to resubmit.

 CPL 190.75 sets forth the procedure for resubmission.