OPINION OF THE COURT
Herman Cahn, J.
Defendant’s motion to dismiss the indictment is granted. The Assistant District Attorney’s failure to answer, in proper form, a question put forth by a grand juror, requires dismissal.
THE FACTS
On October 22, 1986, police officers observed defendant fleeing the scene of a restaurant burglary. He was apprehended at that time. On October 24, 1986, the District Attorney’s office sought indictment of defendant, for burglary in the third degree, by presenting the case to the Grand Jury. When the Assistant District Attorney concluded his presentation of evidence, a grand juror asked if there is a crime of burglary in *1012 the fourth degree. The Assistant District Attorney replied in the negative. Thereafter the instant indictment for burglary in the third degree was voted.
THE LAW
The primary function of the Grand Jury is to protect citizens from charges of criminal activity where inappropriate. (People v Calbud, Inc., 49 NY2d 389, 395.) It is vital, for an effective system, that the Grand Jury proceedings are conducted fairly. To this end, courts have an obligation to prevent unfairness in Grand Jury proceedings. (People v Russo, 128 Misc 2d 876, 879; People v Montalvo, 113 Misc 2d 471.)
The role of the District Attorney in Grand Jury proceedings is that of legal advisor. (CPL 190.25 [6].) As such, he must instruct the Grand Jury on the law with respect to a matter before it, where "necessary or appropriate” (CPL 190.25 [6]).
When the Assistant District Attorney concluded his presentation of this case to the Grand Jury, the question asked by a grand juror, whether there is a crime of burglary in the fourth degree, implies a desire to consider a lesser charge. Although the Assistant District Attorney was not technically incorrect when he stated that there is no crime denominated burglary in the fourth degree, criminal trespass in the third degree is a lesser included offense. (People v Blim, 63 NY2d 718.) Burglary in the third degree (Penal Law § 140.20) reads as follows: "A person is guilty of burglary in the third degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein.” Criminal trespass in the third degree contains the same elements except that of intent to commit a crime in the premises.
In this court’s view, under the circumstances presented, the Assistant District Attorney should have answered the juror’s question by instructing the Grand Jury on the law of criminal trespass in the third degree. The failure to so instruct the Grand Jury was a failure to give an appropriate instruction. (CPL 190.25 [6].) His failure to so instruct may have led the Grand Jury to indict for burglary in the third degree, believing failure to indict would result in failure to prosecute for any crime at all.
Defendant’s motion to dismiss is granted, with leave given to the People to resubmit if they so desire.