OPINION OF THE COURT
Rena K. Uviller, J.
Defendant has been indicted for attempted murder and crim *477 inal possession of a weapon in the second and third degrees. He has moved for inspection of the Grand Jury minutes. Having reviewed them, I conclude that the Assistant District Attorney (ADA) did not fulfill her duty as legal advisor to the Grand Jury when she failed to respond accurately to its inquiry and to honor its request for submission of lesser charges. The integrity of the proceedings having been thus impaired to defendant’s prejudice (CPL 210.35 [5]), the indictment is dismissed. Leave is granted to re-present to another Grand Jury in accordance with the direction provided herein.
FACTS
In summary, the evidence before the Grand Jury was as follows: The complainant testified that he had rented a room in his apartment to defendant, who was his cousin; that on the evening of May 17, 1995, the two quarreled about the rent and complainant barred defendant from the apartment and changed the lock; that later that night defendant came to complainant’s building demanding admission; that when complainant, who was standing outside on the street, refused, defendant threatened to shoot him and displayed a pistol. The complainant then entered the building’s vestibule. As he was about to pass through a second door leading from the vestibule to the lobby, defendant, who was still on the sidewalk outside, fired two shots through the outer door. Complainant was not hit or otherwise injured and proceeded into the lobby and up the stairs to his apartment.
Two spent .25 caliber shells were recovered outside the building and two copper bullet jackets were recovered inside the vestibule.
The Assistant District Attorney submitted three charges: attempted murder and criminal possession of a weapon in the second and third degrees. She provided appropriate definitions, including the definition of "intent”.
A grand juror then stated that he or she was "uncomfortable” with the attempted murder charge and inquired, "Can we lessen that one step back, is that applicable?” The ADA responded, in substance, that the juror’s discomfort should be discussed by the jurors among themselves and that their decision regarding that charge depended on whether a majority concluded that the charge had been sustained. The ADA further advised that there is "no real lesser charge” she could give with respect to the shooting, aside from the. weapons charges submitted.
*478 A grand juror (whether the same juror or another is not apparent) then asked, again in reference to attempted murder, whether "we cannot change the charge.” The ADA acknowledged that the Grand Jury had the right to request that other charges be submitted but reiterated that she could not think of any that were appropriate. She also reiterated that the jurors were not obliged to indict for attempted murder and offered to repeat any legal instructions.
LAW
It is, of course, within the broad discretion of the People to determine which offenses to submit for a Grand Jury’s consideration. (People v Di Falco, 44 NY2d 482; People v Eboli, 34 NY2d 281.) The People may seek an indictment for the highest crime the evidence will support and are not required to present to the Grand Jury every defense that the evidence may suggest. (People v Valles, 62 NY2d 36; see also, People v Lancaster, 69 NY2d 20, cert denied 480 US 922 [1987].) Notwithstanding the.broad latitude accorded the District Attorney in the prosecution of crime within his or her jurisdiction, the authority of the Grand Jury, independent of the prosecutor, is both singular and paramount.
It is the Grand Jury, and not the prosecutor, that makes the ultimate decision of whether and for which crimes a person shall be prosecuted. (People v Lancaster, 69 NY2d 20, 25, supra; People v Valles, 62 NY2d 36, 40 [Kaye, J., concurring].) Although the independence of the Grand Jury has been questioned and indeed ridiculed of late,* that body does, as it surely should, often serve as the bulwark between innocent people and overzealous or misinformed prosecutors. (See, Matter of Keenan v Gigante, 47 NY2d 160, 167-168, cert denied sub nom. Gigante v Lankler, 444 US 887.)
In order to assist lay grand jurors in discharging their extraordinary authority, the court and the District Attorney are designated their legal advisors. (See, CPL 190.25 [6].) Although no statutory provisions elaborate upon that advisory role, the Court of Appeals has held that the prosecutor, in instructing the Grand Jury, is not held to the same standards of precision and thoroughness as a trial court in its instruc *479 tions to the petit jury. (People v Calbud, Inc., 49 NY2d 389; People v Caracciola, 78 NY2d 1021.) Nonetheless, if the role of legal advisor is to have any substance, the presenting ADA must be sufficiently accurate and informative in the instruction to enable the Grand Jury to decide which crime, if any, has been committed. (People v Calbud, Inc., 49 NY2d 389, supra.) The ADA must not provide instructions that are "so misleading or incomplete as to substantially undermine the integrity of the proceedings”. (People v Caracciola, 78 NY2d 1021, 1022; see, People v Malave, 124 Misc 2d 210 [Sup Ct, NY County 1984]; People v Morrell, 134 Misc 2d 1011 [Sup Ct, NY County 1987]; People v Arajuo, NYLJ, July 31, 1992, at 22, col 5 [all dismissing the indictment because of inaccurate instruction].)
In this case it is apparent that one or more grand jurors believed the attempted murder charge was excessive and wished at least to consider something less harsh. On two occasions they expressly inquired whether there were other, less serious, crimes that were applicable. It was the duty of the ADA, as their legal advisor, to answer their question accurately and to comply with their request. She failed in this duty when she responded that attempted murder was the only applicable charge other than the weapons counts.
The facts of this case, which involved the defendant shooting through a closed door, were not inconsistent with, inter alia, first degree reckless endangerment (Penal Law § 120.25) and/or attempted first degree assault (Penal Law §§ 110.00, 120.10). Given that the shooting occurred after defendant had a rent dispute with his cousin (with whom he had been living) and the cousin was uninjured, the Grand Jury might well have concluded the defendant did not intend to kill, but rather harbored some less egregious frame of mind.
The ADA was entitled to make her own initial evaluation of the case and to submit the charges accordingly. (People v Di Falco, 44 NY2d 482, supra; see also, People v Zimmer, 51 NY2d 390.) But once the Grand Jury expressed dissatisfaction with the submission and inquired whether there were other less serious charges that could be considered, she was obliged to respond accurately and to oblige them. (Cf., People v Crumbaugh, 156 Misc 2d 782 [Sup Ct, Bronx County 1993].) The failure to do so constituted a usurpation of the Grand Jury’s independent role and impaired the integrity of the proceedings.
For the reasons set forth herein, the indictment is dismissed. Since the defendant has been prejudiced by the first Grand Jury’s lack of opportunity to consider lesser crimes which were *480 consistent with the evidence before them, the People are granted leave to re-present within 45 days of this order on condition that such lesser crimes are submitted for the second Grand Jury’s consideration.

 Former Chief Judge Wachtler is reported to have stated publicly that, if requested by the prosecutor, a New York Grand Jury would indict a ham sandwich. (See, People v Carter, 77 NY2d 95, 107 [1990] [Titone, J., dissenting], citing Wolfe, The Bonfire of the Vanities, at 603, quoting Wachtler, Ch. J.)