SYLLABUS

This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court. In the interest of brevity, portions of an opinion may not have been summarized.

**State v. Isaiah Bell** (A-58-18) (081743)

**Argued September 24, 2019 -- Decided April 14, 2020**

**SOLOMON, J., writing for the Court.**

The Court considers whether the prosecutor's failure to instruct the grand jury on lesser-included offenses for murder in response to questions posed by a grand juror constituted an abuse of prosecutorial discretion warranting dismissal of defendant's indictment for first-degree murder and possession of a weapon for an unlawful purpose.

Defendant Isaiah Bell was arrested after James Kargbo died from stab wounds apparently inflicted during an altercation that occurred when defendant and his partner arrived at Kargbo's house to pick up her son. A Somerset County prosecutor asked a grand jury to consider two charges against defendant: murder, a crime of the first degree, and third-degree possession of a weapon for an unlawful purpose. The prosecutor explained the counts and elements of the offenses. A grand juror twice asked whether murder had different degrees, and the prosecutor explained that grand jurors do not determine degrees, only whether the facts presented "fit the elements of the crime." After several witnesses testified and answered questions, the same grand juror asked, "is there such a thing as second-degree murder?" The prosecutor responded by discussing the grand jury's responsibilities regarding "lesser included lower offenses," and the elements of murder. The grand juror asked, "[T]here's no part of the . . . statute that speaks to premeditation?" The prosecutor confirmed that there was not and read the model jury charge for murder. The grand jury indicted defendant on both counts.

Defendant moved to dismiss the indictment claiming that, because the grand jury asked about lesser-included offenses, the prosecutor should have explained the lesser-included offenses for murder. The court denied the motion, finding that the grand jury was not requesting instructions on lesser-included offenses, but rather "clarification." The Appellate Division denied defendant's motion for leave to appeal. The Court granted leave to appeal. 236 N.J. 631 (2019).

**HELD:** The prosecutor did not impermissibly interfere with the grand jury's investigative functions. As the trial court found, the grand jury here sought clarification rather than specific instructions on lesser-included offenses for murder. The Court provides guidance as to when such instructions should be given.

1

1. The State moved to dismiss this appeal as moot after defendant was indicted by a second grand jury for the same crimes. Because this is a matter of general public importance, the Court considers the motion. (pp. 5-6)

2. The decision to prosecute and what charge to file or bring before a grand jury generally rests entirely in the prosecutor's discretion. A deficiency premised upon alleged prosecutorial misconduct does not require dismissal of an indictment unless the prosecutor's misconduct is extreme and clearly infringes upon the grand jury's decision-making function. Where a prosecutor's instructions to the grand jury were misleading or an incorrect statement of law, the indictment fails. (pp. 6-9)

3. Instructions on lesser-included offenses began as a way to aid the prosecution so that it would not fail entirely where some element of the greater offense was not established. In the context of a petit jury, lesser-included-offense instructions also protect the accused by avoiding the coercive prejudice inherent in giving the jury the choice of all-or-nothing. In the grand jury setting, on the other hand, an all-or-nothing choice jeopardizes the prosecution: If the prosecutor does not explain lesser-included offenses to the grand jurors and probable cause is not found for the offense presented, the grand jury will return a no bill. If evidence of lesser-included offenses, though not clearly exculpatory, exists but is not presented to the grand jury, or if the evidence is presented but the grand jury is not instructed on lesser-included offenses, the trial court must nonetheless instruct the petit jury on lesser-included offenses at the close of trial. (pp. 9-12)

4. Courts in other jurisdictions have generally found no affirmative duty to instruct grand juries on lesser-included offenses but have been nearly uniform in ruling that prosecutors may not mislead grand jurors if they pose questions about lesser-included offenses. Applying the principles from the treatment of lesser-included offenses before petit juries, the Court agrees that the constitutional protections afforded defendants by the grand jury process are not undermined by the failure to charge lesser-included offenses. (pp. 12-14)

5. The trial court here did not abuse its discretion in denying defendant's motion to dismiss the indictment. The facts revealed an altercation while defendant and his partner picked up her child from the victim. In that altercation, defendant allegedly stabbed the victim. In that context, it is reasonable that a grand juror would seek clarification about "degrees" for murder, and specifically about premeditation. In response, the prosecutor mentioned "lesser included lower offenses," the grand jury's responsibility, and the model jury charge for murder. The prosecutor made no misstatements or misleading representations. No subversion of the grand jury process occurred. The prosecutor dutifully, honestly, and in good faith answered the grand juror's questions. That the prosecutor did not instruct the grand jury on lesser-included offenses for murder does not constitute an abuse of the prosecutor's broad discretion warranting dismissal of the indictment. In any event, the trial court may be obliged to instruct the petit jury on lesser-included offenses at the close of trial. (pp. 14-16)

6.  Although no instruction as to lesser-included offenses was needed in this case, the Court notes that other cases may call for such instructions. When the grand jurors' questions, considered in context, ask about lesser-included offenses and there is a rational basis for instructions on lesser-included offenses, the better practice for prosecutors is to provide them and advise the grand jury that the trial court may include instructions on lesser-included offenses whether or not the grand jury authorizes them. That will ensure that grand jurors are fully informed of the consequences of their decisions. (pp. 16-17)

**The decision of the trial court is AFFIRMED.**

**CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, and TIMPONE join in JUSTICE SOLOMON'S opinion.**

State of New Jersey,

Plaintiff-Respondent,

v.

Isaiah Bell,

Defendant-Appellant.

On appeal from the Superior Court,
Appellate Division.

| Argued | Decided |
|---|---|
| September 24, 2019 | April 14, 2020 |

Isaac Wright, Jr., argued the cause for appellant (Hunt, Hamlin & Ridley, attorneys; Isaac Wright, Jr., on the briefs).

Paul H. Heinzel, Assistant Prosecutor, argued the cause for respondent (Michael H. Robertson, Somerset County Prosecutor, attorney; Paul H. Heinzel, of counsel and on the briefs).

JUSTICE SOLOMON delivered the opinion of the Court.

We granted defendant Isaiah Bell's motion for leave to appeal to this Court to consider whether the prosecutor's failure to instruct the grand jury on lesser-included offenses for murder in response to questions posed by a grand

juror constituted an abuse of prosecutorial discretion warranting dismissal of defendant's indictment for first-degree murder and possession of a weapon for an unlawful purpose. We determine that the prosecutor did not impermissibly interfere with the grand jury's investigative functions. We agree with the trial judge that the grand jury here sought clarification rather than specific instructions on lesser-included offenses for murder, and we therefore affirm the trial court's order denying defendant's motion and request for reconsideration.

We nevertheless note that, where there is a rational basis for providing instructions on lesser-included offenses in response to grand jurors' questions considered in context, prosecutors should instruct the grand jury on lesser-included offenses and advise the grand jury that trial courts may incorporate lesser-included offenses whether or not the grand jury charges them.

## I.

The grand jury record below reveals that James Kargbo and defendant's partner, Shanique Coleman, had a child together. Defendant drove with Coleman to Kargbo's house to pick up her son. Kargbo saw them approach, put his son in his car, and blocked defendant's car from moving. Defendant and Kargbo exited their vehicles, got into a physical altercation, reentered their cars, and drove away. Kargbo's car crashed, and he was found lying outside

2

the vehicle covered in blood. Kargbo was transported to a hospital, where he was pronounced dead from stab wounds apparently inflicted during his altercation with defendant. Officers arrested defendant and charged him with murder and weapons offenses.

A Somerset County prosecutor asked a grand jury to consider two charges against defendant: murder, N.J.S.A. 2C:11-3(a)(1) and (2) and (b)(1), a crime of the first degree, and third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d). At the start of the grand jury proceedings, the prosecutor explained the counts and elements of the offenses.

Before the prosecutor called the investigating detective to testify, a grand juror requested that the statute for first-degree murder be read and asked whether there were "different degrees." The prosecutor responded, "I don't discuss degree with you because degree affects punishment. You don't determine degree, but you do determine whether the facts that you hear fit the elements of the crime." Later, in response to another question by the same grand juror, the prosecutor explained, "What's being presented is this particular statute. The degree is not an element for you. I can't give you a definition of the degree. The degree is set by the Legislature and it's not an element of the offense. You heard the elements of this offense."

After several witnesses testified and answered questions, the same grand juror asked, "is there such a thing as second-degree murder?" The prosecutor responded by discussing the grand jury's responsibilities regarding "lesser included lower offenses," and the elements of murder.

> Prosecutor: There are lesser included lower offenses for an individual's act of causing the death of another. In order to do that, you would have to find that there is insufficient evidence of a prima facie case that Isaiah Bell committed the act of murder as I have read it to you. . . .
>
> If you think that there is insufficient evidence of a prima facie case that he purposely or knowingly caused death or serious bodily injury resulting in death, I can read to you other statutes that are going to cover the actor's act, if you will, of causing death by another but it's going to have a lower culpability and a reckless culpability.
>
> Juror: So just to be clear, there's no -- there's no part of the definition in the New Jersey statute that speaks to premeditation?
>
> Prosecutor: No, and so let me read to you that in the model jury charge for murder. Now, model jury charge is what the petit jury gets if they sit in a murder case or any case. They're model jury charges for the offense that are linked here and the statute which is what you hear. But there is a segment that specifically deals with that and I will find it and read it . . . .

The prosecutor concluded by reading the model jury charge for murder, after which the grand jury indicted defendant for first-degree murder and third-degree possession of a weapon for an unlawful purpose.

4

Defendant moved to dismiss the indictment claiming that, because the grand jury asked about lesser-included offenses, the prosecutor should have explained the lesser-included offenses for murder.[1]  The court denied defendant's motion and subsequent request for reconsideration, finding that the grand jury was not requesting instructions on lesser-included offenses, but rather "clarification."  The Appellate Division denied defendant's motion for leave to appeal.  Defendant then filed a motion for leave to appeal with this Court arguing that, because the grand jury requested an instruction on "degrees," the prosecutor should have instructed the grand jury on the lesser-included offenses for murder.  We granted defendant's motion for leave to appeal.  236 N.J. 631 (2019).

The State moved to dismiss this appeal as moot after defendant was indicted by a second grand jury for the same crimes.  Nevertheless, because this is a matter of general public importance, we elect to consider the motion. See In re Commitment of N.N., 146 N.J. 112, 124 (1996) ("[A] decision by this Court is necessary though the case . . . is moot.  The issues posed by this case involve significant matters of public policy, are extremely important, and

---

[1]  Though not relevant to this motion, defendant also argued before the trial court that the grand jury was persuaded by false statements made by the prosecutor.

undoubtedly will recur in cases that are likely to be mooted before adjudication.").

## II.

We begin with an overview of the grand jury process and the deferential standard of review applied to indictments returned by a grand jury.

## A.

The grand jury functions "as both a sword and shield" of our criminal justice system. State v. Shaw, ___ N.J. ___, ___ (2020) (slip op. at 10). Article I, Paragraph 8 of the New Jersey Constitution provides in relevant part that "[n]o person shall be held to answer for a criminal offense, unless on the presentment or indictment of a grand jury." Thus, the grand jury "occupie[s] a high place as an instrument of justice in our system of criminal law." State v. Murphy, 110 N.J. 20, 36 (1988).

Grand juries "stand[] between citizens and the State," and are tasked with "assess[ing] whether there is adequate basis for bringing a criminal charge." State v. Saavedra, 222 N.J. 39, 56 (2015) (quoting State v. Hogan, 144 N.J. 216, 227, 229-30 (1996)). They serve the "dual function of determining if there is probable cause to believe that a crime has been committed and of protecting citizens against unfounded criminal prosecutions." State v. Del Fino, 100 N.J. 154, 165 (1985) (quoting Branzburg

6

v. Hayes, 408 U.S. 665, 686-87 (1972)).  "The grand jury is a judicial, investigative body, serving a judicial function; it is an arm of the court, not a law enforcement agency or an alter ego of the prosecutor's office."  In re Grand Jury Appearance Request by Loigman, 183 N.J. 133, 141 (2005).

Procedurally, the grand jury does not conduct "a mini-trial," but "an ex parte inquest" -- it is "an accusatory and not an adjudicative body."  Hogan, 144 N.J. at 235; see also United States v. Calandra, 414 U.S. 338, 343-44 (1974) ("A grand jury proceeding is not an adversary hearing in which the guilt or innocence of the accused is adjudicated.  Rather, it is an ex parte investigation to determine whether a crime has been committed and whether criminal proceedings should be instituted against any person.").  To perform that function, grand juries are invested with "broad and unfettered investigative powers" that are largely "unrestrained by the technical procedural and evidentiary rules governing the conduct of criminal trials."  In re Application for Disclosure of Grand Jury Testimony, 124 N.J. 443, 449 (1991) (quoting State v. Doliner, 96 N.J. 236, 249 (1984)).  Further, a grand jury "must be free to pursue its investigations unhindered by external influence or supervision so long as it does not trench upon the legitimate rights of any witness called before it."  State v. Francis, 191 N.J. 571, 586 (2007) (quoting United States v. Dionisio, 410 U.S. 1, 17-18 (1973)).

Despite the grand jury's investigative independence, "[g]rand jury proceedings are largely controlled by prosecutors." Ibid. And, although the grand jury determines whether there is probable cause, the decision to prosecute and "what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion." Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978); accord State v. Perry, 124 N.J. 128, 168 (1991) (quoting Bordenkircher).

B.

Once a grand jury returns an indictment, a court should dismiss that indictment "only on the clearest and plainest ground, and only when the indictment is manifestly deficient or palpably defective." State v. Twiggs, 233 N.J. 513, 531-32 (2018) (internal quotation marks omitted) (quoting Hogan, 144 N.J. at 228-29). Scrutiny of grand jury proceedings is particularly probing where a motion to dismiss an indictment claims that a "deficiency in the proceedings affect[ed] the grand jurors' ability to make an informed decision whether to indict." Hogan, 144 N.J. at 229. But a deficiency premised upon alleged prosecutorial misconduct does not require dismissal of an indictment "[u]nless the prosecutor's misconduct . . . is extreme and clearly infringes upon the [grand] jury's decision-making function." Murphy, 110 N.J. at 35 (alteration and ellipses in original) (quoting State v. Schamberg, 146 N.J.

8

Super. 559, 564 (App. Div. 1977)). Under that standard, dismissal of an indictment is warranted only if the prosecutor's conduct "impinge[s] on a grand jury's independence and improperly influence[s] its determination." Francis, 191 N.J. at 587. Accordingly, "where a prosecutor's instructions to the grand jury were misleading or an incorrect statement of law," the indictment fails. State v. Triestman, 416 N.J. Super. 195, 205 (App. Div. 2010).

"A trial court's denial of a motion to dismiss an indictment is reviewed for abuse of discretion." Twiggs, 233 N.J. at 544. In accordance with that "deferential standard," State v. Williams, 240 N.J. 225, 234 (2019), the trial court's "decision should be reversed on appeal only [if] it clearly appears that the exercise of discretion was mistaken," State v. Abbati, 99 N.J. 418, 436 (1985).

## III.

In this appeal we examine whether the trial court abused its discretion in determining that the prosecutor's failure to instruct a grand jury on lesser-included offenses did not constitute misconduct so arbitrary or abusive as to warrant dismissal of the indictment once returned. Although the question has yet to be dealt with by this Court, consideration of lesser-included offenses in

9

the context of a petit jury is instructive. We also find helpful guidance in cases from other jurisdictions that have considered the question directly.

A.

Preliminarily, an offense is considered a lesser-included offense "where the proof required to establish a greater offense is also sufficient to establish every element of a lesser offense" and "where two offenses are the same but a lesser degree of culpability is required to establish the lesser offense." State v. Thomas, 187 N.J. 119, 129-30 (2006) (quoting State v. Muniz, 228 N.J. Super. 492, 496 (App. Div. 1988)). Because "appropriate and proper jury charges are essential to a fair trial," State v. Savage, 172 N.J. 374, 387 (2002), and instructing a petit jury on lesser-included offenses is intended "to give juries a range of options so that they will not be forced to decide between a conviction for a crime more serious than the one committed or no conviction at all," State v. Short, 131 N.J. 47, 58 (1993), trial courts must charge the jury on a lesser-included offense when the facts "clearly indicate the appropriateness of that charge," State v. Alexander, 233 N.J. 132, 143 (2018) (internal quotation marks omitted) (quoting Savage, 172 N.J. at 397).

However, a lesser-included-offense charge is appropriate only where "there is a rational basis for a verdict convicting the defendant of the included offense." N.J.S.A. 2C:1-8(e). Determining "whether an included offense

10

charge is appropriate requires (1) that the requested charge satisfy the definition of an included offense set forth in N.J.S.A. 2C:1-8(d),[2] and (2) that there be a rational basis in the evidence to support a charge on that included offense." State v. Cassady, 198 N.J. 165, 178 (2009) (quoting Thomas, 187 N.J. at 131).

Instructions on lesser-included offenses began as a way "to aid the prosecution so that it would not fail entirely where some element of the greater offense was not established." State v. Saulnier, 63 N.J. 199, 205 (1973). In the context of a petit jury, lesser-included-offense instructions also serve as a way "to protect the accused by avoiding 'the coercive prejudice inherent in giving the jury the choice of all-or-nothing.'" State v. Neal, 229 N.J. Super. 28, 33 (App. Div. 1988) (quoting State v. Lopez, 160 N.J. Super. 30, 36 (App. Div. 1978)). In the grand jury setting, on the other hand, an all-or-nothing choice jeopardizes the prosecution, not the defendant. If the prosecutor does not explain lesser-included offenses to the grand jurors and probable cause is not found for the offense presented, the grand jury will return a no bill.

---

2 N.J.S.A. 2C:1-8(d) defines lesser-included offenses as those: (1) "established by proof of the same or less than all the facts required to establish the commission of the offense charged"; (2) "an attempt or conspiracy to commit the offense charged or" an included offense; or (3) "differ[ing] from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interest or a lesser kind of culpability suffices to establish its commission."

11

If evidence of lesser-included offenses, though not clearly exculpatory, exists but is not presented to the grand jury, or if the evidence is presented but the grand jury is not instructed on lesser-included offenses, the trial court must nonetheless instruct the petit jury on lesser-included offenses at the close of trial. Alexander, 233 N.J. at 143. It is a well-settled principle in the common law that "a defendant may be found guilty of a lesser offense necessarily included in the greater offense charged in the indictment." Saulnier, 63 N.J. at 205 (1973) (collecting cases).

### B.

Courts in other states have also grappled with the degree to which, if any, prosecutors must instruct grand jurors about lesser-included offenses. Those courts have generally found no affirmative duty to instruct on lesser-included offenses because of the discretion inherent in prosecutors' charging decisions. See, e.g., State v. Coconino Cty. Superior Court, 678 P.2d 1386, 1389 (Ariz. 1984). But despite that discretion, the courts have been nearly uniform in ruling that prosecutors may not mislead grand jurors if they pose questions about lesser-included offenses.

In Cummiskey v. Superior Court, the California Supreme Court considered the appeal of a defendant indicted for first-degree murder and weapons offenses who contended that the prosecution's failure to instruct the

12

grand jury on lesser-included offenses warranted the dismissal of their indictment. 839 P.2d 1059, 1062 (Cal. 1992). The court affirmed its longstanding rule, see People v. Nichol, 34 Cal. 211 (1867), that prosecutors have no sua sponte duty to instruct grand jurors on lesser-included offenses. Cummiskey, 839 P.2d at 1069-71. And it found that, in the absence of such instructions, "the grand jury was not misled into believing it was required to return an indictment for murder." Id. at 1070; see also Oxereok v. State, 611 P.2d 913, 917 (Alaska 1980) (finding "no abuse of discretion in the prosecutor's failure to instruct the jury on the fact that it could return an indictment for some lesser included offense").

Courts have been less reticent to require lesser-included offense instructions when grand jurors explicitly request that information. In Commonwealth v. Noble, the Supreme Judicial Court of Massachusetts rejected a defendant's attempt to dismiss his murder indictment. 707 N.E.2d 819, 822 (Mass. 1999). In doing so, the court noted that prosecutors were "not required to inform a grand jury . . . of any lesser included offenses." Ibid. However, the court advised that "[i]f the grand jurors had asked for instructions . . . the prosecutor should have provided the appropriate information." Ibid.

13

Indeed, when confronted with that hypothetical situation, a New York trial court dismissed an indictment. People v. Francis, 634 N.Y.S.2d 639, 640 (Sup. Ct. 1995). In that case, grand jurors had expressed misgivings about the attempted murder charge presented by the prosecutor. Id. at 641. "On two occasions," the grand jury "expressly inquired whether there were other, less serious, crimes that were applicable." Id. at 642. In response to both inquiries, the prosecutor demurred and told the jurors that she could not conceive of any appropriate lesser offenses. Id. at 641. The court ruled that because the grand jury had asked about lesser offenses, the prosecutor "was obliged to respond accurately and to oblige them." Id. at 642. Accordingly, the prosecutor's "failure to do so constituted a usurpation of the Grand Jury's independent role and impaired the integrity of the proceedings." Ibid.; accord People v. Morrell, 513 N.Y.S.2d 925, 926 (Sup. Ct. 1987).

## IV.

### A.

Applying the principles gleaned from the treatment of lesser-included offenses before petit juries, we agree with the determination by a number of other states' courts that have considered the issue: the constitutional protections afforded defendants by the grand jury process are not undermined by the failure to charge lesser-included offenses. The trial court here therefore

14

did not abuse its discretion in denying defendant's motion to dismiss the indictment.

The facts testified to by the investigating detective revealed an altercation while defendant and his partner picked up her child from the victim. In that altercation, defendant allegedly stabbed the victim. In that context, it is reasonable that a grand juror would seek clarification about "degrees" for murder, and specifically about premeditation. In response, the prosecutor mentioned "lesser included lower offenses," the grand jury's responsibility, and the model jury charge for murder.

Defendant argues that his indictment should be dismissed because the prosecutor did not explicitly outline lesser-included offenses for murder. We reiterate that the decision "to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion." Bordenkircher, 434 U.S. at 364. Thus, while prosecutorial "advice" concerning "the applicable law helps make the grand jury more effective," we do not require "a verbatim reading of applicable statutes." State v. Laws, 262 N.J. Super. 551, 562 (App. Div. 1993). That same principle extends to lesser-included offenses, the determination of which "requires a comparison of the statutory elements of" the greater offense and the purported lesser offense. Cassady, 198 N.J. at 177 (quoting Thomas, 187 N.J. at 129). We require only

15

that the prosecution "charge the grand jury as to the elements of specific offenses." State v. Majewski, 450 N.J. Super. 353, 365 (App. Div. 2017) (internal quotation marks omitted) (quoting State v. Eldakroury, 439 N.J. Super. 304, 309 (App. Div. 2015)).

The prosecutor did so here and made no misstatements or misleading representations. See Triestman, 416 N.J. Super. at 205. No subversion of the grand jury process occurred. See Francis, 191 N.J. at 587; Murphy, 110 N.J. at 35. The prosecutor dutifully, honestly, and in good faith answered the grand juror's questions. See Triestman, 416 N.J. Super. at 205. That the prosecutor did not instruct the grand jury on lesser-included offenses for murder does not constitute an abuse of the prosecutor's broad discretion warranting dismissal of the indictment. See Bordenkircher, 434 U.S. at 364. In any event, the trial court may be obliged to instruct the petit jury on lesser-included offenses at the close of trial. See Alexander, 233 N.J. at 143.

### B.

Although no instruction as to lesser-included offenses was needed under the facts of this case, we note that other cases may call for such instructions. When the grand jurors' questions, considered in context, ask about lesser-included offenses and there is a rational basis for instructions on lesser-included offenses, the better practice for prosecutors is to provide them and

16

advise the grand jury that the trial court may include instructions on lesser-included offenses whether or not the grand jury authorizes them. That will ensure that grand jurors are fully informed of the consequences of their decisions.

V.

For the foregoing reasons, the decision of the trial court is affirmed.


CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, and TIMPONE join in JUSTICE SOLOMON'S opinion.