213 N.J. Super. 30 (1986)
516 A.2d 265
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
EDWARD K. WILLIAMS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted September 9, 1986.
Decided October 6, 1986.
*32 Before Judges BRODY, LONG and D'ANNUNZIO.
Alfred A. Slocum, Public Defender, attorney for appellant (Sheila H. Mylan, Designated Attorney, of counsel and on the brief).
Edward K. Williams, appellant, filed a supplemental brief pro se.
George L. Schneider, Essex County Prosecutor, attorney for respondent (Marc J. Friedman, Assistant Essex County Prosecutor, of counsel and on the letter brief).
The opinion of the court was delivered by BRODY, J.A.D.
A jury found defendant guilty of aggravated manslaughter (N.J.S.A. 2C:11-4(a)), possession of a firearm for an unlawful purpose (N.J.S.A. 2C:39-4(a)), and hindering his own apprehension by suppressing, concealing or destroying evidence (N.J.S.A. 2C:29-3(b)(1)). The jury acquitted defendant of murder, the criminal homicide for which he had been indicted. After *33 merging the weapon offense with the manslaughter, the judge imposed a prison term of 20 years with a 10-year period of parole ineligibility for the manslaughter and a consecutive 5-year prison term for the hindering. Defendant appeals the convictions and the State cross-appeals the merger. We affirm.
The State produced evidence of the following facts. Defendant was the head of a ring of heroin and cocaine distributors. About a month before his death, Mack Toney, the victim of the homicide, had joined the ring as an "enforcer" because of his reputation for effectively using strong-arm tactics. The homicide occurred during a meeting of the group, which defendant had called to determine who among them had been stealing from their inventory of drugs. At the beginning of the meeting, defendant prominently displayed a loaded handgun to underscore the seriousness of the matter. Because he did not know the identity of the thief, defendant interviewed each member separately out of the presence of the others. After he considered the cross-accusations that developed, defendant concluded that Toney was the thief and shot him to death as a lesson to the others. The State's story was presented through the testimony and prior inconsistent statements of witnesses to the crime. Their testimony was at times vague and contradictory, and generally not forthcoming because they were torn between loyalty to defendant and fear of being prosecuted for their illegal activities.
The hindering charge, not seriously contested, arises out of defendant's efforts to dispose of Toney's body and otherwise cover up the homicide.
The defense was self-defense. Essentially, defendant testified that when it became apparent to all that he suspected Toney, Toney drew the handgun "on" defendant and was then shot during a struggle in the course of which defendant seized the weapon. Defendant thereupon shot Toney one or two more *34 times with the weapon. There were substantial inconsistencies and unexplained gaps in defendant's story.
Defendant raises the following points in his main brief:
POINT I THE TRIAL COURT'S DENIAL OF DEFENDANT'S MOTION TO EXCLUDE HIS PRIOR CRIMINAL RECORD CONSTITUTED AN ABUSE OF DISCRETION SO PREJUDICIAL TO THE RIGHTS OF THE DEFENDANT AS TO REQUIRE THAT THE JUDGMENT BE REVERSED.
POINT II THE DETERMINATION BY THE TRIAL COURT TO ADMIT DEFENDANT'S ORAL STATEMENT AS AN EXCEPTION TO THE MIRANDA RULE CONSTITUTED REVERSIBLE ERROR.
POINT III THE COURT ERRED IN DENYING DEFENDANT'S MOTION FOR A MISTRIAL.
POINT IV THE COURT ERRED IN DENYING DEFENDANT'S MOTION TO POLL THE JURY AS TO THREATS AND INTIMIDATION.
POINT V THE APPELLATE DIVISION SHOULD REVERSE THE CONVICTION AS BEING AGAINST THE WEIGHT OF THE EVIDENCE.
POINT VI THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR A NEW TRIAL BASED ON THE GROUNDS OF NEWLY DISCOVERED EVIDENCE.
POINT VII NO EVIDENCE WAS INTRODUCED BY THE STATE WHICH WOULD MAKE OUT A PRIMA FACIE CASE AGAINST THE DEFENDANT, AND DEFENDANT'S MOTION FOR DISMISSAL SHOULD HAVE BEEN GRANTED.
POINT VIII THE COURT ERRED IN DENYING DEFENDANT'S MOTION FOR A MISTRIAL FOLLOWING PREJUDICIAL STATEMENTS MADE IN PROSECUTOR'S SUMMATION.
POINT IX THE COURT ERRED IN DENYING DEFENDANT'S MOTION FOR A MISTRIAL BASED ON REMARKS OF THE PROSECUTOR CONCERNING ADMISSIONS OF DEFENDANT.
He raises the following points in his pro se brief:
POINT I THE APPELLATE DIVISION SHOULD REVERSE THE CONVICTION AS BEING AGAINST THE WEIGHT OF THE EVIDENCE.
POINT II COURT ERRED IN DENYING DEFENDANT'S MOTION FOR A NEW TRIAL AND/OR JUDGMENT OF ACQUITTAL PURSUANT TO RULES 3:18-2 AND 3:20-1.
POINT III THE DETERMINATION BY THE TRIAL COURT TO ADMIT SERIES OF PHOTOGRAPHS OF DECEASED AS AN EXCEPTION TO RULE 3:13-3 CONSTITUTED REVERSIBLE ERROR.
We have carefully considered the issues defendant has raised in light of our thorough review of the record and we are satisfied that they are clearly without merit. R. 2:11-3(e)(2). We note only that after interviews in chambers with a juror *35 who had joined in the verdict, the trial judge was fully justified in finding that the juror's will had not been overborne by personal threats of another juror during the two days of jury deliberations. There was ample evidence from what the juror said in chambers that her complaints related to no more than the discomfort produced by deliberative pressures that had led her to move from an initial preference for a reckless manslaughter conviction and had led some other jurors to move from their initial preference for a murder conviction. See State v. Athorn, 46 N.J. 247, 253 (1966), cert. den., 384 U.S. 962, 86 S.Ct. 1589, 16 L.Ed.2d 674 (1966).
Our affirmance of the merger requires some elaboration. N.J.S.A. 2C:39-4 prohibits possession of any kind of weapon "with a purpose to use it unlawfully against the person or property of another...." Relying upon State v. Best, 70 N.J. 56, 67 (1976), we said in State v. Johnson, 203 N.J. Super. 127, 136 (App.Div. 1985), that there would be a merger of possession of a weapon for an unlawful purpose and an aggravated assault with that weapon if the defendant had possessed it for the sole purpose of committing the assault. We held, however, that the defendant in that case had a broader unlawful purpose in possessing the weapon:
In this case, there was evidence that defendant had the gun before he encountered the victim, not for the purpose of shooting the victim but for the purpose of threatening another individual.... In addition, the fact that defendant carried a gun on his person, and that the shooting of the victim was in all likelihood unplanned, tends to establish that defendant carried the gun for an unlawful purpose wholly unrelated to the aggravated assault. [Ibid.]
We agree with the State that the evidence here supports a conviction of possession of the firearm with a broader unlawful purpose than killing or assaulting Toney. There was evidence that defendant possessed the weapon for the unlawful purpose of threatening all his associates, thereby assuring their loyalty to him and to the criminal enterprise in which they were engaged. In such circumstances there would be no merger. However, the presence of evidence that supports a separate conviction for possession of a weapon for an unlawful purpose *36 does not by itself forestall merger of that crime with a conviction of a criminal homicide or assault with that weapon.
To avoid merger of possession of a weapon for an unlawful purpose, four factors must be present: (1) the defendant must have been charged in the indictment with possession of the weapon with a broader unlawful purpose, either generally or specifically, than using the weapon to kill or assault the victim of the greater offense, (2) the evidence must support a finding that the defendant had a broader unlawful purpose, (3) the judge must have instructed the jury of the difference between possession with the specific unlawful purpose of using the weapon against the victim of the greater offense and a broader unlawful purpose and (4) the verdict must express the jury's conclusion that the defendant had a broader unlawful purpose. There may be cases where merger is necessary despite the presence of these four factors.
The first two factors are present here, but the last two are not. The indictment charges that defendant "knowingly and unlawfully did possess and carry a certain weapon, a handgun, with a purpose to use it unlawfully against the person of another...." Had the indictment charged defendant with possession of the weapon for the unlawful purpose of using it against Toney, the offense would thereby have merged with the aggravated manslaughter conviction.
As previously noted the evidence fully supports a conviction of possession with a broader unlawful purpose.
In his instructions to the jury, however, the trial judge defined the possession crime as "possession of a firearm ... to use it unlawfully against the person of Mack Ton[e]y...." In so limiting the scope of defendant's purpose, the judge by his charge in effect merged the possession crime with the aggravated manslaughter.
Because the trial judge gave the jury only the narrow definition of the possession crime, they had no opportunity to *37 find defendant guilty of possession of the firearm with an unlawful purpose broader than that of using it against Toney. In order to prevent merger, a judge should ask the jury to determine by separate verdicts whether the possession was solely with the specific unlawful purpose to use the weapon against the victim of the greater offense or with a broader unlawful purpose. See State v. McAllister, 211 N.J. Super. 355, 364 (App.Div. 1986).
Affirmed.