Lanise L. SUTTON, Petitioner,

v.

Charlotte BLACKWELL,
et al., Respondents.

Civil Action No. 02–4734 (JEI).

United States District Court,
D. New Jersey.

July 30, 2004.

Lanise L. Sutton, Clinton, NJ, pro se.

Burlington County Prosecutor, by Natalie A. Schmid Drummond, Mount Holly, NJ, for Respondents.

## OPINION

IRENAS, Senior District Judge.

Presently before the Court is Petitioner Lanise L. Sutton's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The application comes to the Court on remand from the United States Court of Appeals for the Third Circuit as to the issue of the timeliness of the application. For the reasons set forth below, we accept Petitioner's application as timely but deny the application on the merits.

### I.

On December 2, 1992, Petitioner Lanise L. Sutton (hereinafter "Sutton" or "Petitioner"), a resident of Pemberton Township, New Jersey was involved in an altercation in Willingboro, New Jersey. Sutton, armed with a steak knife, accompanied her cousin and six other young women to the residence of Cynthia Bell

("Bell"). When Bell answered the door, the eight women and Bell began fighting. Bell's pregnant sister, Cherrell Bell, came outside when she heard the commotion. Although Cherrell Bell was unarmed, Sutton stabbed her in the chest with the steak knife, killing her.

On November 4, 1993, Sutton was indicted in Burlington County for first-degree murder (N.J.S.A.2C:11–3(a)(1) or (2)); third-degree possession of a weapon for unlawful purpose (N.J.S.A.2C:39–4d); fourth-degree unlawful possession of a weapon (N.J.S.A.2C:39–5d); and third-degree hindering apprehension or prosecution (N.J.S.A.2C:29–3a(1)). The Court assigned Edward G. Lavelle, Esq. to act as counsel for Sutton. On May 1, 1995, Sutton pled guilty to first-degree manslaughter, third-degree unlawful possession of a weapon, and third-degree hindering apprehension or prosecution. In exchange for the plea, the State dismissed the indictment and recommended a combined sentence of forty years incarceration, twenty years without parole. On July 21, 1995, Judge Victor Friedman sentenced Sutton to the recommended sentence.

On August 17, 1995, Sutton filed a *pro se* motion for reconsideration of her sentence with the Superior Court of New Jersey.[1] Judge Friedman denied the motion on September 29, 1995 on both procedural and substantive grounds. The Appellate Division affirmed on April 22, 1996.[2] The New Jersey Supreme Court denied Sutton's petition for certification on December 3, 1996.

On August 17, 1995, Sutton also filed a *pro se* motion for post-conviction relief to withdraw her guilty plea with the Superior Court, Law Division alleging that she was mentally incapable of understanding the plea and its consequences. On October 13, 1995, Raymond J. Burke was assigned as Sutton's counsel for that motion. The Law Division denied the motion on May 28, 1996 on both procedural and substantive grounds.

Sutton appealed, alleging: (1) that the Law Division erred by denying the motion on grounds of procedural bar; (2) that she was mentally incapable of understanding the plea and its consequences; (3) that the trial court erred by not ordering *sua sponte* hearing into her mental condition; (4) ineffective assistance of counsel under the Sixth Amendment; (5) lack of adequate factual basis for her guilty plea as to hindering apprehension or prosecution; (6) lack of adequate factual basis for her guilty plea as to unlawful possession of a weapon, or in the alternative, that the possession charge should have merged with the felony manslaughter conviction for sentencing purposes; and (7) excessive sentence.

On June 13, 1997, the Appellate Division affirmed the Law Division's denial of the motion, finding that: (1) the Law Division had correctly denied the motion on substantive grounds; (2) there was sufficient evidence to support Judge Friedman's denial of the motion for reconsideration for withdrawal of the plea; (3) Sutton was barred from raising her claim that the trial court failed to order a hearing into her mental condition because she failed to raise the issue below, noting that the failure to hold the hearing did not produce an unjust result; (4) the record does not support an ineffective assistance of counsel claim; (5) Judge Friedman's colloquy with Sutton regarding her guilty plea was sufficient and there was sufficient factual basis

---

**1.** The Court reassigned Edward G. Lavelle, Esq. as counsel after Sutton filed her motion for reconsideration.

**2.** The Court assigned a Deputy Assistant Public Defender from the Appellate Section as counsel for Sutton's appeal.

to support Sutton's plea; (6) Sutton's merger argument was meritless because the crimes of third-degree possession of a weapon for an unlawful purpose and felony manslaughter require different states of mind and, additionally, the crimes were committed at different times; and (7) Sutton's sentence is consistent with her plea, and, thus, presumed reasonable. *State v. Sutton*, No. A–7132–95T4 (N.J.Super. Ct. App. Div., June 13, 1997). The New Jersey Supreme Court denied certification on September 23, 1997. *State v. Sutton*, 151 N.J. 470, 700 A.2d 881 (1997).

Sutton filed a second motion for post-conviction relief on October 20, 1997:(1) alleging ineffective assistance of counsel; (2) requesting an evidentiary hearing regarding the ineffective assistance of counsel claim; and (3) challenging the prior finding that she was procedurally barred from asserting an ineffective assistance of counsel claim. The Law Division denied the motion on October 9, 1998 finding that Edward Lavelle, Sutton's trial counsel, had competently represented her and that Sutton could have had no better result in her case than the plea and sentence she received. On May 29, 2001, the Appellate Division affirmed. *State v. Sutton*, No. A–2432–99T4 (N.J.Super.Ct.App.Div., May 29, 2001). The New Jersey Supreme Court denied certification on October 3, 2001. *State v. Sutton*, 170 N.J. 206, 785 A.2d 434 (2001).

**II.**

On September 30, 2002, Sutton filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges that she: (1) received ineffective assistance of counsel because counsel failed to consult with her prior to her plea, failed to review her mental and educational back-ground prior to the plea, failed to review discovery with her, and failed to advise her of her maximum sentence exposure; (2) received an excessive sentence; (3) was not given proper *Miranda* warnings; and (4) was denied due process because the charges for possession of an unlawful weapon and felony manslaughter were not merged for sentencing purposes. Additionally, Petitioner claims that she did not raise her *Miranda* claim in her earlier appeals due to ineffective assistance of counsel. On October 31, 2002, this Court denied Petitioner's application, finding that it had not been filed within the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). However, this Court granted Petitioner sixty (60) days to furnish proof that she had in fact timely filed her application. Petitioner submitted an application to reopen the matter on December 14, 2002.[3] This Court dismissed the application to reopen on December 18, 2002. On June 26, 2003, the United States Court of Appeals for the Third Circuit vacated this Court's December 18, 2002 order and remanded the matter for further proceedings, holding that the record was insufficiently complete on the matter of the timeliness of Sutton's application. On August 4, 2003, in order to further develop the record, this Court ordered Respondents to file an Answer, which they did on September 18, 2003.

This Court now finds, having re-examined the relevant law and reviewed the submissions of the parties, that Petitioner's application is timely under 28 U.S.C. § 2244(d). Section 2244(d) provides that:

(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody

**3.** Petitioner submitted a letter which this Court treated as an application to reopen the petition for habeas corpus.

pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review ...

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Here, Sutton had ninety days from October 3, 2001, the date on which the New Jersey Supreme Court denied certification, to seek a writ of certiorari from the United States Supreme Court. *See Kapral v. United States*, 166 F.3d 565, 570–71 (3d Cir.1999) (holding that "[a] defendant has 90 days from the date on which the court of appeals affirms the judgment of conviction to file a petition for a writ of certiorari"). "[I]f a defendant does not file a certiorari petition, the judgment does not become 'final' until the time for seeking certiorari review expires." *Id.* at 570. "A state court criminal judgment is 'final' (for purposes of collateral attack) at the conclusion of review in the United States Supreme Court or when the time for seeking certiorari review [(90 days)] expires." *Id.* at 575. Thus, the one-year statute of limitations on Sutton's application for writ of habeas corpus did not start to run until the expiration of that ninety-day period on January 1, 2002, making Sutton's application for habeas corpus filed on September 30, 2002, timely.[4] The Court now turns to a consideration of the merits of Petitioner's habeas corpus petition.

### III.

As stated above, in her habeas petition, Petitioner alleges that she: (1) received ineffective assistance of counsel because counsel failed to consult with her prior to the plea, failed to review her mental and educational background prior to the plea, failed to review discovery with her, and failed to advise her of her maximum sentence exposure; (2) received an excessive sentence; (3) was not given proper *Miranda* warnings; and (4) was denied due process because the charges for possession of an unlawful weapon and felony manslaughter were not merged for sentencing purposes. Additionally, Petitioner claims that she did not raise her *Miranda* claim in her earlier appeals due to ineffective assistance of counsel. Before we can address the merits of any of these claims, we must determine whether or not we have jurisdiction to hear them.

▮▮▮ Because a petitioner must exhaust all available state remedies before filing a § 2254 habeas application, 28 U.S.C. § 2254(b) and (c), the Court must first determine whether Petitioner has exhausted each of her claims in state court. The petitioner bears the burden of proving that all state remedies have been exhausted, *Santana v. Fenton*, 685 F.2d 71, 73 (3d Cir.1982), and failure to exhaust state remedies for even one claim compels dismissal of the entire petition, *Rose v. Lundy*, 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), unless the district court chooses to deny the habeas application on the merits. 28 U.S.C. § 2254(b)(2).[5]

▮▮▮ In order to have exhausted all available state remedies, the petitioner

---

4. In this Court's October 31, 2002 decision dismissing Petitioner's application, we mistakenly failed to include the ninety-day period in our calculations.

5. "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

must have fairly presented the substance of his or her claim to the state's highest court. *See Matthews v. Evatt,* 105 F.3d 907, 910–11 (4th Cir.1997). Petitioner has exhausted her claims of: (1) ineffective assistance of counsel (that counsel failed to consult with her prior to the plea, failed to review her mental and educational background prior to the plea, failed to review discovery with her, and failed to advise her of her maximum sentence exposure to excessive sentence); (2) denial of due process in the refusal of appropriate merger; and (3) excessive sentence. These claims were raised and decided on the merits during Petitioner's state post-conviction relief process.

■ However, this is the first time that Petitioner has raised both the alleged *Miranda* violation and her *Miranda*-related ineffective assistance of counsel claim. Petitioner is barred from raising the alleged *Miranda* violation because she waived the right to do so when she pled guilty. *See* section VI(d), *infra.* Therefore, Petitioner presents one unexhausted claim—that she received in effective assistance of counsel with respect to the alleged *Miranda* violation.[6] As noted above, a habeas petition containing a mixture of exhausted and unexhausted claims must be dismissed under *Rose* unless the court denies the application on the merits. 28 U.S.C. § 2254(b)(2). Because we will deny

**6.** It is possible that a New Jersey state court would find this claim procedurally barred as a result of: (1) the bar on grounds not raised in prior proceedings found in N.J. Ct. R. 3:22–4; or (2) the statutory five-year time limit for filing post-conviction relief in N.J. Ct. R. 3:22–12. Petitioner was originally sentenced on July 21, 1995, but did plead any *Miranda* related issues until she filed this application for writ of habeas corpus on September 30, 2002. If a New Jersey court would dismiss this claim as a result of 3:22–4 or 3:22–12, the claim would be procedurally defaulted. A procedural default occurs not only when the petitioner fails to exhaust all available state remedies but when "the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman v. Thompson,* 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). A petitioner can obtain federal habeas review of procedurally defaulted claims if he or she "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750, 111 S.Ct. 2546.

However, Rule 3:22–4 contains exceptions which might allow a New Jersey court to examine this claim, specifically when: (1) enforcement of the bar of grounds not previously raised "would result in fundamental injustice;" and (2) when "denial of relief would be

contrary to the Constitution of the United States or the State of New Jersey." In light of the fact that New Jersey courts have "generally declined to read the exceptions to Rule 3:22–4 narrowly," *State v. Preciose,* 129 N.J. 451, 609 A.2d 1280, 1293 (1992), it is possible that 3:22–4 would not procedurally bar a state court from hearing this claim.

Rule 3:22–12 likewise contains exceptions. Although Rule 3:22–12 clearly sets out a five-year time limit on post-conviction relief filings, the Rule itself excepts applications that allege an illegal sentence, and under certain circumstances a sentence rendered after a guilty plea may be illegal. *See New Jersey v. Mitchell,* 126 N.J. 565, 601 A.2d 198, 204 (1992). The five-year time limit in Rule 3:22–12 may also be relaxed if defendant demonstrates excusable neglect or that such relaxation is in the interests of justice, *State v. Goodwin,* 173 N.J. 583, 803 A.2d 102, 108–109 (2002) (internal citations omitted).

If a federal court is "uncertain how the New Jersey state courts would resolve the procedural default issue" it should "not presume how the state courts would rule." *Toulson v. Beyer,* 987 F.2d 984, 989 (3d Cir.1993). No New Jersey court has determined that it would procedurally bar Petitioner from pursuing her unexhausted claim, and we will not presume to undertake this analysis in its stead. Therefore, we treat Sutton's claim of ineffective assistance of counsel as to the alleged *Miranda* violation as unexhausted.

Sutton's application for habeas relief on the merits, we now address the substance of her exhausted and unexhausted claims.

## IV.

We begin by addressing the merits of Petitioner's exhausted claims: (1) that she received ineffective assistance of counsel because counsel failed to consult with her prior to the plea, failed to review her mental and educational background prior to the plea, failed to review discovery with her, and failed to advise her of her maximum sentence exposure; (2) that she received an excessive sentence; and (3) that she was denied due process because the charges for possession of an unlawful weapon and felony manslaughter were not merged for sentencing purposes.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. 104–132, 110 Stat. 1214 (1996), establishes the standard which federal courts must apply when reviewing habeas petitions brought by states prisoners. In evaluating the merits of a habeas application, a federal court is permitted to grant a writ only where it finds that the adjudication of the claim on the merits in State court:

> (1)resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Marshall v. Hendricks*, 313 F.Supp.2d 423 (D.N.J. 2004).[7]

▮▮▮ In *Williams v. Taylor*, the Supreme Court clarified the meanings of "contrary to" and "an unreasonable application of" as found in 28 U.S.C. § 2254(d) above. *Williams v. Taylor*, 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (stating explicitly that the two phrases have independent meanings). A state court decision is "contrary to" Supreme Court precedent if the state court reached a "conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Id.; see also Bell v. Cone*, 535 U.S. 685, 694, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002); *Williams v. Price*, 343 F.3d 223, 228–29 (3d Cir.2003). A state court's application of Supreme Court precedent is unreasonable "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 365, 413, 120 S.Ct. 1495. An unreasonable application must be "more than incorrect or erroneous" it must be " 'objectively unreasonable.' " *Wiggins v. Smith*, 539 U.S. 510, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003); *see also Lockyer v. Andrade*, 538 U.S. 63, 75, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003); *Williams*, 529 U.S. at 409–411, 120 S.Ct. 1495. Therefore, in reviewing Petitioner's exhausted claims, we examine whether or not the New Jersey state court's adjudica-

---

7. 28 U.S.C. § 2254(d) was enacted in 1996 as part of AEDPA. Although Sutton was convicted and sentenced before 1996, the Third Circuit allows application of this section to habeas petitions that were filed after AEDPA's enactment even if those petitions refer to sentences imposed prior to AEDPA. *See, e.g.,*

*Marshall v. Hendricks*, 307 F.3d 36, 50 (3d Cir.2002)("Because Marshall's petition for writ of habeas corpus was filed on October 30, 1997, the provisions of [AEDPA] apply, and our standard of review of the state courts is dictated by those provisions, codified at 28 U.S.C. § 2254").

tion of Petitioner's claims resulted in a decision that is "contrary to" or involves an "unreasonable application of" established law.

### (a) Ineffective Assistance of Counsel

In her habeas petition, Petitioner claims that her trial counsel was ineffective because he failed: (1) to consult with her prior to guilty plea; (2) to review or investigate her mental and educational background prior to guilty plea; (3) to review discovery with her; and (4) to advise her of her maximum sentence exposure.[8]

Claims of ineffective assistance of counsel relating to a guilty plea, like the one Petitioner raises here, are reviewed under the standard set forth by the Supreme Court in *Strickland v. Washington.* *See Hill v. Lockhart,* 474 U.S. 52, 57–59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)(holding that the *Strickland* standard applies to "ineffective-assistance claims arising out of the plea process"). In *Strickland,* the Supreme Court held that to prevail on a claim of ineffective assistance of counsel, a defendant must prove (1) that his counsel's representations were objectively deficient, and (2) that he suffered "prejudice" as a result of these deficiencies. *Strickland v. Washington,* 466 U.S. 668, 687–688, 691–694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

█ The Appellate Division's adjudication of Sutton's appeals as to the claims of ineffective assistance of counsel was not contrary to the Supreme Court's holding in *Strickland.* The court correctly identified and applied the *Strickland* standard. *State v. Sutton,* No. A–7132–95T4 (N.J.Super. Ct.App. Div., June 13, 1997). Therefore, the court did not reach a "conclusion opposite to that reached by the Supreme Court on a question of law." Nor does this Court find that the Appellate Division

decided the case differently than the United States Supreme Court on a set of materially indistinguishable facts.

█ Finally, the Appellate Division's application of *Strickland* to the facts of Petitioner's case was not an unreasonable one. The details of counsel's representation of Sutton as contained in the record clearly support a conclusion that she was properly represented. The Appellate Division quoted Judge Friedman's oral opinion of September 25, 1998, in which he noted that Sutton's attorney "did a remarkably good job of negotiating a good deal for her," and that "no inadequacy that has been alleged could have changed anything in the result." *State v. Sutton,* No. A2432–99T4 (N.J.Super.Ct.App.Div., May 29, 2001). Petitioner fails to convince us that the Appellate Divisions's adjudication on these claims was "contrary to" and "an unreasonable application of" established law as found in *Strickland.* 28 U.S.C. § 2254(d). Therefore, the Court rejects Petitioner's claim of ineffective assistance of counsel as to the matters outlined above.

### (b) Excessive Sentence

█ Petitioner also alleges that her sentence was excessive in violation of the Eighth Amendment. Sutton received the exact sentence she had bargained for in her plea agreement and we will not disturb the sentence as there is no evidence of a clear abuse of judicial discretion. Sutton pled guilty to first degree aggravated manslaughter, possession of a weapon for unlawful purpose and hindering apprehension or prosecution, in return for which the State agreed to recommend a combined sentence of 40 years, 20 years without parole. Based on the evidence and Sut-

---

**8.** Petitioner also claimed ineffective assistance of counsel because counsel failed to raise the issue of her alleged denial of *Mi-*
*randa* rights. Because this claim is unexhausted, we will address it separately in section IV(e) of this opinion.

ton's statements during her plea colloquy, the court found the aggravating factors outweighed the mitigating factors and, thus, sentenced her to the maximum sentence recommended by the state and agreed to by Petitioner in her plea agreement.

This Court has previously held that "sentencing is a matter of state criminal procedure and it does not involve such a denial of fundamental fairness as to fall within the purview of federal habeas corpus." *Grecco v. O'Lone*, 661 F.Supp. 408, 415 (D.N.J.1987). The sentence imposed in the present case was clearly within the range of the trial court's discretion. N.J. Stat. Ann. 2C:44–1(a) and (b) requires the sentencing judge to consider both the aggravating and mitigating criteria when setting a sentence. N.J.S.A. 2C:44–1(d) establishes a presumption of imprisonment for those convicted of first and second degree crimes. Judge Friedman considered each of these factors before imposing Sutton's sentence and, therefore, we find no abuse of discretion. Because the adjudication of this claim did not result in a decision that is "contrary to" or involves an "unreasonable application of" established law, we reject this claim.

(c) *Due Process Claim*

◼ Petitioner next claims that she was denied due process because her conviction for possession of a weapon for an unlawful purpose was not merged with her felony manslaughter conviction. In order to convict for aggravated manslaughter under New Jersey law, the prosecution must prove that the defendant recklessly caused the death of another under circumstances manifesting extreme indifference to human life. N.J. Stat. Ann. 2C:11–4a. To convict for possession of a weapon for unlawful purpose, the State must prove that defendant possessed a weapon with the purpose to unlawfully use it against another person. N.J. Stat. Ann. 2C:39–4d.

Here, Sutton admitted in both her oral confession and during the plea colloquy that she had the knife to arm herself for a fight. She would have been guilty of the weapon possession charge whether or not she had killed anyone. Thus, the offenses of aggravated manslaughter and possession of a weapon for unlawful purpose have separate and independent elements of proof, and merger is not required under N.J. Stat. Ann. 2C:8a(1)-(4). *State v. Williams*, 213 N.J.Super. 30, 516 A.2d 265, 268 (App.Div.1986), *cert. denied*, 107 N.J. 104, 526 A.2d 177 (1987). *See also Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *Gillespie v. Ryan*, 837 F.2d 628, 630 (3d Cir. 1988). The New Jersey state court's adjudication of Petitioner's claim did not result in a decision that is "contrary to" or involves an "unreasonable application of" established law.

(d) *Miranda Warnings*

◼ Petitioner asserts in her habeas petition that she was not given proper *Miranda* warnings at the time of her arrest. Petitioner cannot raise this claim before this Court because she waived her right to do so when she plead guilty. Although, the Supreme Court has held that *Miranda* rights are constitutional in origin, *Dickerson v. United States*, 530 U.S. 428, 439, 120 S.Ct. 2326, 147 L.Ed.2d 405 (2000), and has allowed petitioners to allege *Miranda* violations in habeas corpus petitions, *See, e.g., Thompson v. Keohane*, 516 U.S. 99, 116 S.Ct. 457, 133 L.Ed.2d 383 (1995), in the instant case, Petitioner waived her right to raise this issue when she pled guilty.

[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he

may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Because Petitioner plead guilty, she is now barred from raising any claim asserting a "deprivation of constitutional rights," including her *Miranda* rights, "that occurred prior to the entry of the guilty plea." *Id.*

(e) *Ineffective Assistance and Miranda*

 Petitioner's final claim is that she received ineffective assistance of counsel because her attorney failed to raise her alleged denial of *Miranda* rights. As previously explained, this claim is unexhausted. Although district courts may not **grant** federal habeas relief on unexhausted state claims, under 28 U.S.C. § 2254(b)(2), federal courts have the right to **deny** habeas relief on unexhausted state claims.[9] Because we deny Petitioner's application for habeas relief, we now address the merits of her final claim.

Although a defendant alleging ineffective assistance of counsel must prove both (1) that his counsel's representations were objectively deficient, and (2) that he suffered "prejudice" as a result of these deficiencies, *Strickland,* 466 U.S. at 687–688, 691–694, 104 S.Ct. 2052, when it is clear that the defendant will fail to satisfy one of the *Strickland* prongs, a court may proceed to address that prong directly. *Strickland,* 466 U.S. at 697, 104 S.Ct. 2052. In Sutton's case, the prejudice prong of the *Strickland* test is clearly dispositive, so we do not need to address the reasonableness of counsel's representation.

Sutton gave a tape-recorded statement to the Burlington County Prosecutor's of-fice on December 3, 1992, stating that she had stabbed Cherrell Bell during the fight and had thrown the knife away into the woods. Sutton freely agreed to speak with the officers and give the statement. She stated that she had been read her *Miranda* rights and understood them. During the statement, Sutton was shown a green *Miranda* rights card which she stated she had signed. Petitioner has not asserted that her trial counsel knew of any *Miranda* violation or that there was any question as to the validity of her statement.

Furthermore, Petitioner has offered no evidence to show a "reasonable probability that, but for" counsel's alleged errors, "the result of the proceeding would have been different." *Strickland,* 466 U.S. at 689, 694, 104 S.Ct. 2052. In the context of a guilty plea, "prejudice" is demonstrated if "there is a reasonable probability that, but for the counsel's errors, [defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill,* 474 U.S. at 59–60, 106 S.Ct. 366. Sutton has failed to demonstrate such prejudice.

Even if Petitioner's counsel had protested inclusion of her statement because of the alleged *Miranda* violation, Petitioner could have been convicted on the basis of eyewitness testimony. Sutton stabbed her victim in front of witnesses who could identify her and who could have testified at trial, including the seven women with whom she went to the fight, the victim's sister, and neighbors who had come to assist when they heard the fight. Petitioner has failed to prove that a criminal trial would have resulted in an acquittal or a more favorable sentence. As the Appellate Division noted, not only did Sutton's trial counsel perform with "the kind of

---

**9.** 28 U.S.C. § 2254(b)(2) authorizes federal courts to deny habeas petitions on the merits "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."

competence that one would expect," but "no better result was possible in the case." *State v. Sutton,* No. A–2432–99T4 (N.J.Super.Ct.App.Div., May 29, 2001). Petitioner has provided no additional information which would cause this Court to reexamine that finding.

Sutton received the benefit of her plea in the form of a sentence lower than that which she could have expected following a trial. Therefore, she fails to demonstrate that there is any probability that but for counsel's alleged error she would have passed up the state's plea offer and taken her chances at trial. *Hill,* 474 U.S. at 59–60, 106 S.Ct. 366. Petitioner fails to demonstrate prejudice sufficient to meet the standard as articulated in *Strickland* and *Hill* and we reject her claim of ineffective assistance of counsel regarding the alleged *Miranda* violation.

### V.

Petitioner's claims: (1) that she received ineffective assistance of counsel because counsel failed to consult with her prior to the plea, failed to review her mental and educational background prior to the plea, failed to review discovery with her, and failed to advise her of her maximum sentence exposure; (2) that she received an excessive sentence; and (3) that she was denied due process because the charges for possession of an unlawful weapon and felony manslaughter were not merged for sentencing purposes, were adjudicated on the merits in the state court appeal process and fail to satisfy the "contrary to" or "unreasonable application of" standard of 28 U.S.C. § 2254(d). Thus, the Court will deny Petitioner's habeas application as to these claims. Petitioner is barred from raising a claim of *Miranda* violations prior to her guilty plea because she waived the right to do so when she plead guilty. Finally, Petitioner has failed to demonstrate prejudice sufficient for a finding of ineffective assistance of counsel under *Strickland*

and *Hill,* and we deny this unexhausted claim under 28 U.S.C. § 2254(b)(2). Thus, all of the claims set forth in Petitioner's habeas petition are dismissed.

For the reasons set forth above, Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254 is denied. Because the Court finds that Sutton has not made a substantial showing of the denial of a Constitutional right, no certificate of appealability shall issue pursuant to 28 U.S.C. § 2253(c)(2).

### ORDER DENYING PETITIONER'S APPLICATION FOR WRIT OF HABEAS CORPUS

Currently before the Court is Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court having considered the submissions of the parties, and for the reasons set forth in an Opinion issued on even date herewith, and for good cause appearing,

**IT IS** on this *30th* day of July, 2004,

**ORDERED THAT:**

1. Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED;** and

2. This Court declines to issue a certificate of appealability because the applicant has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).