**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1471-24

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

FUQUAN KHALIF, a/k/a
FUQUAN KAHALIF, and
ALFRED WALKER,

     Defendant-Appellant.

_____

> Argued November 18, 2025 – Decided December 17, 2025
>
> Before Judges Rose and DeAlmeida.
>
> On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 91-01-0437.
>
> Fuquan Khalif, appellant, argued the cause on appellant's behalf.
>
> Lucille M. Rosano, Assistant Prosecutor, argued the cause for respondent (Theodore N. Stephens II, Essex County Prosecutor, attorney; Lucille M. Rosano, of counsel and on the brief).

PER CURIAM

Defendant Fuquan Khalif appeals from the December 6, 2024 Law Division order denying his motion to correct an illegal sentence. We affirm in part, vacate in part, and remand for further proceedings.

I.

In 1991, defendant was charged in an eighteen-count indictment arising from the murder of his cousin and attempted murder of her fiancé, both of whom he shot in the head. A jury convicted defendant of fourteen counts: second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1) (count five); third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2) (count six); third-degree criminal restraint, N.J.S.A. 2C:13-2 (count seven); third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count eight); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count nine); third-degree receiving stolen property, N.J.S.A. 2C:20-7 (count ten); third-degree terroristic threats, N.J.S.A. 2C:12-3 (count eleven); second-degree burglary, N.J.S.A. 2C:18-2 (count twelve); aggravated manslaughter, N.J.S.A. 2C:11-4(a) (count thirteen); felony murder, N.J.S.A. 2C:11-3(a) (count fourteen); first-degree attempted murder, N.J.S.A. 2C:5-1 and :11-3(a) (count fifteen); fourth-degree retaliation against a witness, N.J.S.A. 2C:28-5(b) (count sixteen); third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count seventeen); and

second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count eighteen).

In 1992, the trial court sentenced defendant to a life term with a thirty-year period of parole ineligibility on count fourteen (felony murder). On count fifteen (attempted murder), defendant received a consecutive sentence of twenty years with a ten-year period of parole ineligibility. A concurrent sentence of five years with a two-and-one-half-year period of parole ineligibility was imposed on count seventeen (unlawful possession of a weapon). On count eighteen (possession of a weapon for an unlawful purpose), the court sentenced defendant to an extended twenty-year prison term with a ten-year period of parole eligibility as a second firearms offender, N.J.S.A. 2C:44-3(d).[1] The same sentence was imposed on counts five, six, and nine, except the sentences were imposed concurrently. On counts seven, eight, ten, and eleven, the court imposed concurrent five-year terms, with a two-and-one-half-year period of parole ineligibility. The convictions for counts twelve, thirteen, and sixteen were merged with count fourteen. The aggregate sentence imposed was life imprisonment, plus forty years, with a fifty-year period of parole ineligibility.

---

[1] Defendant was previously convicted of a Graves Act offense.

A-1471-24

We affirmed defendant's convictions on direct appeal.  State v. Kahalif, No. A-0553-92 (App. Div. Jan. 23, 1995) (slip op. at 15-16).[2]  With respect to sentencing, we rejected defendant's substantive arguments, including his contention the court misapplied State v. Yarbough, 100 N.J. 627 (1985), by applying three consecutive sentences.  Id. at 15.  We concluded defendant was eligible to be sentenced to two consecutive life terms and the total of the consecutive terms imposed for defendant's multiple convictions did not exceed the sum of the longest term that could have been imposed for the two most serious offenses.  Id. at 15-16.

However, we concluded the sentence reflected in the sentencing transcript differed from the sentence in the judgment of conviction (JOC).  At the sentencing hearing, the judge stated the sentences for counts fourteen (felony murder), fifteen (attempted murder), and eighteen (possession of a weapon for an unlawful purpose) were to be served consecutively.  Id. at 13-14.  The JOC, however, stated the sentences on counts fifteen and eighteen were to be served concurrently with the sentence imposed on count fourteen.  Id. at 14.  In addition, both the State and defendant agreed defendant's sentence on count six was incorrect because he was convicted of third-degree aggravated assault, not

---

[2] Defendant's name is spelled Kahalif in the opinion issued on his direct appeal.

A-1471-24

second-degree aggravated assault for which he was sentenced. Ibid. We remanded the matter with instructions to correct the JOC with respect to counts fifteen and eighteen and resentence defendant on count six. Id. at 17. The Supreme Court denied defendant's petition for certification. State v. Kahalif, 140 N.J. 327 (1995).

An amended JOC was entered on April 6, 1995. The court corrected the sentences on counts fifteen and eighteen and resentenced defendant to a ten-year term with a five-year period of parole ineligibility on count six.

Defendant subsequently filed five petitions for post-conviction relief (PCR). He filed his first PCR petition on December 26, 1995, alleging he was denied effective assistance of trial and appellate counsel. The trial court denied the petition after holding an evidentiary hearing. We affirmed. State v. Khalif, No. A-2286-97 (App. Div. Oct. 29, 1999). The Supreme Court denied certification. State v. Khalif, 163 N.J. 76 (2000).

On June 5, 2000, defendant filed his second PCR petition, alleging ineffective assistance of counsel. The trial court, finding defendant's claims "wholly frivolous," denied the petition. We affirmed. State v. Khalif, No. A-1201-00 (App. Div. Oct. 15, 2001). The Supreme Court denied certification. State v. Khalif, 171 N.J. 44 (2002).

Defendant filed his third PCR petition along with a motion to correct an illegal sentence on May 21, 2007. He alleged it was unconstitutional for the trial court to impose extended sentences under N.J.S.A. 2C:44-3(d) on counts five, six, nine, and eighteen without a jury finding that each element of the statute had been proven beyond a reasonable doubt. The trial court denied the petition and motion, concluding the arguments on which defendant relied had been raised and rejected in his direct appeal and were, in any event, substantively meritless. We affirmed. State v. Khalif, No. A-0487-07 (App. Div. Apr. 6, 2009). The Supreme Court denied certification. State v. Khalif, 199 N.J. 543 (2009).

On August 20, 2009, defendant filed a fourth PCR petition. The trial court denied the petition as time barred because it was filed beyond the five-year period established in R. 3:22-12(a). We affirmed. State v. Khalif, No. A-3362-09 (App. Div. Feb. 8, 2011). The Supreme Court denied certification. State v. Khalif, 207 N.J. 35 (2011).

Defendant filed a fifth PCR petition on January 2, 2013. He alleged ineffective assistance of counsel with respect to his first and second PCR petitions. The trial court denied defendant's fifth PCR petition because it was

6

time barred, procedurally barred, and otherwise frivolous. We affirmed. State v. Khalif, No. A-4158-12 (App. Div. Nov. 13, 2014).[3]

Defendant also filed four motions to correct an illegal sentence. The trial court denied the first on February 25, 2015, because defendant's claims were previously adjudicated in his direct appeal and raised in prior PCR petitions. We affirmed. State v. Khalif, No. A-3668-14 (App. Div. June 28, 2017). The Supreme Court denied certification. State v. Khalif, 232 N.J. 51 (2018).

On April 11, 2018, the trial court denied defendant's second motion to correct an illegal sentence because the claims he raised were previously adjudicated. Defendant did not appeal that decision.

On July 19, 2018, the trial court denied defendant's third motion to correct an illegal sentence because his claims were previously adjudicated and were substantively meritless. We affirmed. State v. Khalif, No. A-5513-17 (App. Div. Aug. 26, 2019). The Supreme Court denied certification. State v. Khalif, 241 N.J. 142 (2020).

Defendant filed his fourth motion to correct an illegal sentence on June 10, 2020. He amended his motion on December 28, 2020. In the brief filed in

---

[3] On July 2, 2002, defendant filed a petition for a writ of habeas corpus in the United States District Court. On September 28, 2005, the District Court denied the petition. Khalif v. Hendricks, Civ. No. 02-3193 (D.N.J. Sept. 28, 2005).

support of his motion, defendant argued his conviction on count eighteen (possession of a weapon for an unlawful purpose) should have been merged with his conviction on count fourteen (felony murder). He argued merger of those convictions was required because the indictment alleged only one unlawful purpose in support of count eighteen – killing the victim of the felony murder – and the jury instruction addressed only that purpose. Thus, defendant argued, the court was required to merge the conviction on count eighteen into the felony murder conviction, the greater crime that was the alleged unlawful purpose for which defendant possessed the weapon. In support of his claim, defendant's brief cited State v. Williams, 213 N.J. Super. 30 (App. Div. 1986).[4]

On April 1, 2022, the court issued a written decision denying defendant's fourth motion. The court found the motion was deficient because the moving papers did not include our 1995 opinion on defendant's direct appeal, the transcript of the resentencing, and the amended JOC.[5] In addition, the court concluded the validity of defendant's sentence had been affirmed and reaffirmed

---

[4]  Following oral argument before us, we granted the State's motion to supplement the record with the brief defendant filed on June 10, 2020 in support of his fourth motion to correct an illegal sentence.

[5]  In 2024, a judiciary employee certified the audio tape and transcript of the April 6, 1995 resentencing were destroyed pursuant to a records retention schedule.

repeatedly over a period of twenty-seven years. An April 1, 2022 order memorialized the court's decision.

Defendant subsequently moved for reconsideration of the April 1, 2022 order. In an August 3, 2022 written decision, the court denied defendant's motion for reconsideration, noting the motion record remained incomplete. We affirmed. State v. Khalif, No. A-0854-22 (App. Div. Feb. 29, 2024). The Supreme Court denied certification. State v. Khalif, 260 N.J. 352 (2025).

On July 15, 2024, defendant filed his fifth and present motion to correct an illegal sentence. He argued, among other things, the trial court erred when it did not merge the conviction on count eighteen into the conviction on count fourteen as required by Williams.

On December 6, 2024, the court issued a written decision and order denying defendant's fifth motion. It held:

> As the Appellate Division states in their February 29, 2024, opinion, the validity of your sentence was raised in your direct appeal, repeated in a series of PCR petitions, and reiterated in a subsequent series of motions to correct an illegal sentence. The substantive challenges to your sentence were rejected by every court to adjudicate them since the matter was remanded for resentencing in 1995.
>
> Accordingly, since it has been repeatedly decided by the court that you received a fair and lawful sentence . . . your motion is DENIED.

9

This appeal followed.

Defendant raises the following arguments.

POINT I.

DEFENDANT WAS ENTITLED "RETROACTIVELY," TO ["]YARBOUGH, GUIDELINES" AT HIS INITIAL SENTENCING IN 1992; ALONG WITH THE (STATEMENT OF REASONS) PURSUANT TO R. 3:21-4(g) IN VIOLATION OF HIS DUE PROCESS. (NOT RAISED BELOW).

POINT II.

[THE COURT] ERRONEOUSLY DENIED DEFENDANT'S MOTION "ON THE PAPERS" CITING "REPEATED CLAIMS IN PRIOR APPEALS," WHEN IN FACT, PRIOR MOTION WAS DENIED PURSUANT TO: R. 3:21-10(c) AND R. 4:49-2, NOT R. 3:22-5. (NOT RAISED BELOW).

II.

We review the legality of a sentence de novo, "affording no special deference to the court['s] interpretation of the relevant statutes." State v. Nance, 228 N.J. 378, 393 (2017). A court may correct an illegal sentence "at any time before it is completed." State v. Murray, 162 N.J. 240, 247 (2000); R. 3:21-10(b)(5). "If a defendant's sentence is illegal, a reviewing court must remand for resentencing." State v. Steingraber, 465 N.J. Super. 322, 328 (App. Div. 2020) (citing State v. Romero, 191 N.J. 59, 80-81 (2007)). "There are two

10

categories of illegal sentences: those that exceed the penalties authorized for a particular offense, and those that are not authorized by law." State v. Hyland, 238 N.J. 135, 145 (2019).

"[M]erger implicates a defendant's substantive constitutional rights." State v. Cole, 120 N.J. 321, 326 (1990). Thus, "[t]he failure to merge convictions results in an illegal sentence for which there is no procedural time limit for correction." Romero, 191 N.J. at 80. The doctrine of merger prevents a defendant from being punished more than once for a single wrongdoing, see N.J.S.A. 2C:1-8, and is "based on the concept that 'an accused [who] committed only one offense . . . cannot be punished as if for two.'" State v. Tate, 216 N.J. 300, 302 (2013) (alteration in original) (quoting State v. Davis, 68 N.J. 69, 77 (1975)).

The motion court denied defendant's fifth motion, finding his illegal sentence claims had been addressed in his direct appeal, subsequent PCR petitions, and motions to correct an illegal sentence. Rule 3:22-5 mandates that:

> A prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule or prior to the adoption thereof, or in any appeal taken from such proceedings.

11

We agree with the motion court's conclusion defendant previously raised and the courts previously decided, in either his direct appeal, PCR petitions, or prior illegal sentence motions, the claims he raised in his fifth illegal sentence motion, with one exception. The motion court, therefore, did not err when it denied defendant's motion to the extent it relied on claims previously decided in the many judicial applications defendant filed challenging his convictions and sentences.[6]

The exception is the distinct issue defendant raised for the first time in his fourth motion to correct an illegal sentence: whether the trial court erred when it did not merge his conviction on count eighteen with his conviction on count fourteen based on the holding in Williams.

As we explained in Williams:

> To avoid merger of possession of a weapon for an unlawful purpose, four factors must be present: (1) the defendant must have been charged in the indictment with possession of the weapon with a broader unlawful

---

[6] We acknowledge "Rule 3:22-5's bar to review of a prior claim litigated on the merits 'is not an inflexible command.'" State v. Nash, 212 N.J. 518, 547 (2013) (quoting State v. Franklin, 184 N.J. 516, 528 (2005)). The preclusion stipulation of Rule 3:22-5 can be relaxed so that important constitutional issues can be decided on the merits. See State v. Johns, 111 N.J. Super. 574, 576 (App. Div. 1970). We see no basis in the record on which to conclude the numerous issues previously raised by defendant and decided by the courts warrant relaxation of Rule 3:22-5 to permit those claims to be raised again in his fifth motion to correct an illegal sentence.

A-1471-24

purpose, either generally or specifically, than using the weapon to kill or assault the victim of the greater offense, (2) the evidence must support a finding that the defendant had a broader unlawful purpose, (3) the judge must have instructed the jury of the difference between possession with the specific unlawful purpose of using the weapon against the victim of the greater offense and a broader unlawful purpose and (4) the verdict must express the jury's conclusion that the defendant had a broader unlawful purpose.

[Williams, 213 N.J. Super. at 36.]

See also State v Jenkins, 234 N.J. Super. 311, 316 (App. Div. 1989) ("[A] jury instruction on a charge of gun possession for unlawful purpose must include an identification of such unlawful purposes as may be suggested by the evidence and an instruction that the jury may not convict based on their own notion of the unlawfulness of some other undescribed purpose"); and State v. Diaz, 144 N.J. 628, 639 (1996) (explaining that, in the absence of a proper Jenkins instruction, a conviction for possession of a weapon for an unlawful purpose cannot be assumed to be for a broader unlawful purpose than the purpose charged in the indictment).

Contrary to the present motion court's conclusion, the court that decided defendant's fourth motion to correct an illegal sentence did not consider his Williams argument. The court denied defendant's fourth motion based on defendant's failure to submit the complete record necessary to decide the motion.

13

Although the court deciding the fourth motion made a cursory statement defendant's substantive claims had been previously raised and decided in his prior judicial applications, nothing in the record before this court suggests defendant's <u>Williams</u> claims had been raised before he filed the fourth motion to correct an illegal sentence.

Defendant's fifth motion to correct an illegal sentence, which gave rise to this appeal, also included his <u>Williams</u> claim. The court, however, denied the fifth motion based on its conclusion defendant's <u>Williams</u> claim was raised and decided in his prior judicial applications. The record does not support the court's conclusion. The only evidence in the record suggests defendant raised his <u>Williams</u> claim for the first time in his fourth motion. As explained above, the court denied defendant's fourth motion without considering his <u>Williams</u> claim. Defendant's <u>Williams</u> claim, therefore, has never been decided by a court. Thus, the present court erred when it denied defendant's fifth motion without deciding his <u>Williams</u> claim.

We therefore vacate the December 6, 2024 order to the extent it denied defendant's fifth motion to correct an illegal sentence without deciding his claim <u>Williams</u> required the trial court to merge his conviction on count eighteen with

his conviction on count fourteen. We affirm the December 6, 2024 order in all other respects.

We remand the matter for the limited purpose of permitting the motion court to decide defendant's fifth motion to correct an illegal sentence based on his claim Williams required the merger of his conviction on count eighteen into his conviction on count fourteen. On remand, the parties shall provide their appellate submissions to the court. We leave to the court's sound discretion whether to permit further briefing and argument. We offer no view on the merits of that claim or whether, as suggested by the State at oral argument, the holding in Williams does not apply because defendant received an extended sentence on count eighteen.

The December 6, 2024 order is affirmed in part and vacated in part, and the matter is remanded to the Law Division for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

15

A-1471-24